# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

**May 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: B.S.

No. 15-1114 (Kanawha County 11-JA-225)

## MEMORANDUM DECISION

Petitioner Father L.S., by counsel Jason S. Lord, appeals the Circuit Court of Kanawha County's July 27, 2015, order terminating his parental rights to B.S. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Sharon K. Childers, filed a response on behalf of the child supporting the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding that he did not successfully complete his improvement period.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2013, the DHHR filed an abuse and neglect petition alleging that petitioner and the mother continually exposed B.S. to domestic violence, engaged in drug use and distribution in the home, failed to protect B.S. from domestic violence and drug activity, and failed to provide B.S. with the proper food, clothing, supervision, and housing. The DHHR also alleged that petitioner and the mother were unemployed and unable to provide for B.S. without help from others, and failed to provide B.S. with a safe and stable home. The DHHR further alleged that petitioner had a history of drug use and distribution and was previously incarcerated on drug charges in the Commonwealth of Kentucky. The circuit court entered an order filing the petition and placing B.S. in the temporary custody of the DHHR.

In November of 2013, the circuit court held a preliminary hearing. Neither petitioner nor the mother attended the hearing in person, but both were represented by counsel. The circuit court found that imminent danger to B.S.'s physical well-being existed; there was no reasonably

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

available alternative to B.S.'s removal from the home; and continuation in the home was contrary to B.S.'s best interests. B.S. was later placed with her maternal grandmother.

In March of 2014, the circuit court held an adjudicatory hearing wherein petitioner stipulated to engaging in domestic violence in B.S.'s presence. The circuit court accepted his stipulation and adjudicated petitioner an abusing parent. The circuit court granted the guardian's motion to have petitioner drug screened before he left the courthouse. The circuit court also granted petitioner's motion for services to begin and the DHHR's motion for B.S.'s placement to remain with her maternal grandmother. Subsequently, in May of 2014, the circuit court granted petitioner a post-adjudicatory improvement period. Petitioner was ordered to attend parenting classes, adult life skills classes, domestic violence counseling, and to submit to random drug screening. The circuit court also granted him supervised visitation with B.S.

In December of 2014, the circuit court held a review hearing on petitioner's post-adjudicatory improvement period. At the close of the hearing, the circuit court granted the DHHR discretion to increase supervised visitation and/or institute unsupervised visitation. The circuit court noted that petitioner continued to comply with the terms and conditions of his improvement period. Petitioner was ordered to provide proof of his participation in the batterers intervention and prevention program ("BIPPS"). In January of 2015, petitioner tested positive for opiates and hydrocodone. At a subsequent review hearing, the DHHR recommended that petitioner's improvement period continue and that B.S. remain with her grandparents until petitioner screens negative for drugs. After a review of petitioner's improvement period, the circuit court found that he continued to substantially comply with the terms and conditions of the improvement period and granted him unsupervised, weekend visits with B.S.

In April of 2015, the DHHR provided the circuit court with a summary regarding an incident between petitioner and the mother during an unsupervised visit with B.S. According to the DHHR's circuit court summary, petitioner struck the mother, screamed at her, and killed the family's small dog, all in B.S.'s presence. Following the summary's submission, the circuit court held a review hearing on May 26, 2015. Neither of the parties appeared in person but both were represented by counsel. The DHHR recommended the termination of petitioner's improvement period, visits with B.S., and parental rights. The circuit court found that petitioner's improvement period had expired and that petitioner caused "severe psychological harm to the child" by killing the family dog in B.S.'s presence.

In July of 2015, the circuit court held a dispositional hearing. The DHHR's caseworkers testified that petitioner and the mother continued to engage in domestic violence throughout the course of their improvement periods. The caseworkers also testified that petitioner and the mother engaged in a severe domestic violence incident wherein B.S. indicated that petitioner physically abused the mother and killed the family dog. B.S.'s leg was also cut during the incident. Following the presentation of evidence and testimony, the circuit court found that, despite petitioner's completion of a domestic violence program, he "continues to display his anger, aggression, and violence in his domestic relationship" which demonstrates his inability to implement the program's education and tools. The circuit court further found that petitioner continued to "knowingly expose [B.S.] to a dangerous environment full of domestic violence," stopped participating in his improvement period services, and failed to participate in random

drug screening. Based on the evidence presented, the circuit court determined that there was no reasonable likelihood that the conditions of abuse and neglect could substantially be corrected in the near future because petitioner failed to take the appropriate steps to remedy the circumstances which led to the filing of the petition. The circuit court further determined that termination of petitioner's parental rights was in B.S.'s best interest. By order entered on this date, the circuit court terminated petitioner's parental rights to B.S. It is from this order petitioner now appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). On appeal, petitioner argues that the circuit court erred in terminating his improvement period. Specifically, petitioner contends that he completed his improvement period to such an extent that he should have received additional time.

We have held that

> [a]t the conclusion of the improvement period, the court shall review the performance of the parents in attempting to attain the goals of the improvement period and shall, in the court's discretion, determine whether the conditions of the improvement period have been satisfied and whether sufficient improvement has been made in the context of all the circumstances of the case to justify the return of the child.

Syl. Pt. 6, *In re Carlita B.*, 185 W.Va. 613, 408 S.E.2d 365 (1991). Additionally, pursuant to West Virginia Code § 49-4-610(6)

> [a] court may extend any improvement period granted pursuant to subdivision (2) or (3) of this section for a period not to exceed three months when the court finds that the respondent has substantially complied with the terms of the improvement period; that the continuation of the improvement period will not substantially impair the ability of the department to permanently place the child; and that the extension is otherwise consistent with the best interest of the child.

It is clear from the record that petitioner failed to meet his burden to justify extending his improvement period.

In the case at hand, petitioner was granted a post-adjudicatory improvement period and was ordered to participate in several services, including parenting classes, adult life skills classes, domestic violence counseling, and random drug screening. He initially complied with the terms and conditions of his improvement period and was granted unsupervised, weekend visitation with B.S. However, petitioner's actions demonstrated his failure to benefit from the services provided to him. According to the record on appeal, despite his participation in services designed to remedy the conditions of abuse and neglect, petitioner and the mother engaged in a severe domestic violence incident. At the disposition hearing, testimony established that petitioner physically and verbally abused the mother and killed the family dog, all in B.S.'s presence. Testimony also established that petitioner injured B.S. during the incident and stopped participating in services after the incident. Based on the evidence presented, the circuit court determined that petitioner failed to make sufficient improvement to justify the return of B.S. to his custody. Therefore, considering the circumstances of the case, the circuit court correctly determined that petitioner did not successfully complete his improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 27, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: **May 23, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II